Peter Strojnik
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone: (602) 524-6602
ps@strojnik.com

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 28 2020**

**JEFFREY P. COLWELL**
**CLERK**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No:

PETER STROJNIK

Plaintiff,

vs.

VAIL/BEAVER CREEK RESORT
PROPERTIES, INC. DBA THE SEASONS
AT AVON

Defendant.

**COMPLAINT**

1. **Americans with Disabilities Act**
2. **Discrimination in Public Accommodations (State Law)**
3. **Negligence**

**JURY TRIAL REQUESTED**

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) the Colorado Anti-Discrimination Act ("CADA") and (3) common law of negligence per se.

## PARTIES

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA, Unruh and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer

and renal cancer, degenerative right knee[1] and is therefore a member of a protected class under the ADA and Unruh.

4. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 137 West Benchmark Rd., Avon, CO 81620 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and CADA.

## PLAINTIFF'S DISABILITY AND CAUSAL CONNECTION BETWEEN IT AND ALLEGED BARRIERS

5. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks, stands, sleeps, climbs stairs with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

6. In particular, Plaintiff's renal cancer causes pain in the abdominal and back area, the severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy causes pain while walking, standing, sitting, climbing and lying down. The knee prosthesis also causes pain while walking, standing, sitting, climbing and lying down.

7. As a consequence of Plaintiff's disability, Plaintiff requires 28 CFR 36.302(e) disclosures that include information about accessible entrances to the hotel (e.g. disclosure of disability passenger drop of zone, the distance between accessible parking and the entrance to the hotel, proper signage in accessible parking), the path of travel to guest check-in and other essential services (e.g. accessible check in counter, accessible business counters, accessible concierge desk), and the accessible route to the accessible room or rooms and the description of accessible rooms (e.g., roll in shower, lowered peepholes, lowered security hardware, proper door opening hardware, water temperature, shower spray unit positive shut off, lowered AC and other controls etc.). In addition, the Hotel's booking websites fail to include information about important features that do not comply with the Standards.

[1] The right knee has since been replaced with a prosthesis.

2

8. Further as a consequence of Plaintiff's disability, with respect to specific architectural barriers described in Addendum A, Plaintiff requires accessibility pursuant to ADA and CADA.

9. Further as a result of Plaintiff's disability and the consequential entitlement to a mobility accessible room properly dispersed between various categories of rooms, Plaintiff enjoys the absolute right to (1) not pay a premium for an accessible room (28 CFR § 36.301) and to have the ability to rent a premium accessible room (dispersion).

10. Defendant (1) failed to provide information required by 28 CFR 36(302(e) and (2) failed to remove architectural barriers to accessibility, all as more fully described in Addendum A.

11. Defendant's failure (1) to provide information required by 28 CFR 36(302(e) and (2) remove architectural barriers to accessibility deprived Plaintiff from full and equal enjoyment of the Hotel.

## JURISDICTION

12. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

13. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

14. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

15. Venue is proper pursuant to 28 U.S.C. § 1391.

16. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

17. Plaintiff is deterred from visiting the Hotel based on Plaintiff's personal knowledge that the Hotel is not ADA or CADA compliant as such compliance relates to Plaintiff's disability.

3

18. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## COUNT ONE
### Violation of Plaintiff's Civil Rights under the ADA

19. Plaintiff realleges all allegations heretofore set forth.

20. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his musculoskeletal disabilities all as more fully described above.

21. Plaintiff visited the Vail area on or about August 21-25, 2019.

22. In preparation for the visit, Plaintiff consulted 3rd party and 1st party booking agent's websites, including the booking websites for Defendant, to determine which of the many hotels in the area would best accommodate his ambulatory needs.

23. The deficiencies in Defendant's booking agents' disclosures are documented in Addendum A which is by this reference incorporated herein.

24. Third party booking agent's websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

25. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

26. Because Plaintiff intends to revisit the area again, Plaintiff went Defendant's Hotel to determine if it would be able to accommodate his disability needs.

27. Plaintiff noted Defendant's Hotel's lack of accessibility and photographically documented the same as disclosed in Addendum A.

28. Plaintiff has a definite plan to return to the Vail area and intends to stay at Defendant's Hotel once the Hotel confirms its ADA compliance (futility).

29. Plaintiff's personal encounter with architectural barriers to accessibility interfere with his full and equal enjoyment of Defendant's Hotel on account of his disabilities described above.

30. The architectural barriers interfere with Plaintiff's full and equal enjoyment of Defendant's Hotel because they make it more difficult for Plaintiff to enjoy Hotels amenities than for a non-disabled individual.

31. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

32. The removal of accessibility barriers listed above is readily achievable.

33. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**
**(Violation of the CADA)**

34. Plaintiff realleges all allegations heretofore set forth.

35. Pursuant to CADA:

> It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability…, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation [.] Colo. Rev. Stat. §24-34-601(2)

36. Pursuant to implementing state regulation, the CADA is "substantially equivalent to Federal Law, as set forth in the Americans with Disabilities Act…" 3 CO ADC 708-1:60.1(B).

37. The regulation further provides that "[w]henever possible, the interpretation of state law concerning disability shall follow the interpretations established in Federal Regulations adopted to implement the Americans with Disabilities Act…" 3 CO ADC 708-1:60.1(C).

38. As stated above, Defendant has violated the CADA by denying individuals with musculoskeletal disabilities the full and equal enjoyment of goods, services and accommodations of the Defendant Hotel.

39. Defendant's violations of CADA have harmed Plaintiff and will continue to harm Plaintiff in the absence of injunctive relief sought here.

40. Any Person who violates § 24-34-601 (1) "shall forfeit and pay a sum no less than fifty dollars nor more than five hundred dollars to the person aggrieved hereby.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of ADA and CADA; and

b. Irrespective of Defendants "voluntary cessation" of the CADA violation, if applicable, a permanent injunction pursuant to CADA which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in CADA, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in

compliance with the relevant requirements of CADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

   c.  Irrespective of Defendants "voluntary cessation" of the CADA violation, if applicable, the payment of costs of suit; and

   d.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

   e.  For damages to the maximum extent allowable by law; and

   f.  For reasonable attorney's fees, litigation expenses and costs; and

   g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT THREE
### Negligence

41. Plaintiff realleges all allegations heretofore set forth.

42. ADA and CADA specify prohibited conduct violating the accessibility standards as set forth in 1991 and 2010 Standards for Accessibility Design and 28 CFR Part 36.

43. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

44. Defendant breached this duty.

45. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[2].

46. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

[2] 42 U.S.C. § 12101(a)(2)

47. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[3].

48. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

49. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].

50. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

51. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].

52. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

53. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].

54. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

55. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the

---

[3] 42 U.S.C. §12101(a)(3)
[4] 42 U.S.C. §12101(a)(5)
[5] 42 U.S.C. §12101(a)(6)
[6] 42 U.S.C. §12101(a)(7)

1   United States billions of dollars in unnecessary expenses resulting from dependency

2   and nonproductivity[7].

3   56. Defendant's knowing and intentional unfair and unnecessary discrimination against

4   Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

5   57. Defendant's breach of duty caused Plaintiff damages including, without limitation,

6   the feeling of segregation, discrimination, relegation to second class citizen status the

7   pain, suffering and emotional damages inherent to discrimination and segregation and

8   other damages to be proven at trial.

9   58. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and

    outrageous conduct.

10  59. The ADA has been the law of the land since 1991, but Defendant engaged in a

11  conscious action of a reprehensible character, that is, Defendant denied Plaintiff his

12  civil rights, and cause him damage by virtue of segregation, discrimination, relegation

13  to second class citizen status the pain, suffering and emotional damages inherent to

14  discrimination and segregation and other damages to be proven at trial

15  60. Defendant either intended to cause injury to Plaintiff or defendant consciously

16  pursued a course of conduct knowing that it created a substantial risk of significant

17  harm to Plaintiff.

18  **WHEREFORE,** Plaintiff prays for relief as follows:

19      A. For finding of negligence; and

20      B. For damages in an amount to be proven at trial; and

21      C. For such other and further relief as the Court may deem just and proper.

22

23                          **REQUEST FOR TRIAL BY JURY**

24  Plaintiff respectfully requests a trial by jury in issues triable by a jury.

25  RESPECTFULLY SUBMITTED this 24th day of February, 2020.

26                                      **PETER STROJNIK**

27

28

[7] 42 U.S.C. §12101(a)(8)

1                    Plaintiff

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ADDENDUM A

| BOOKING WEBSITES – ACCESSIBILITY INFORMATION |
| --- |
| HOTELS.COM |
| **NO ACCESSIBILITY DISCLOSURE** |
| 1st PARTY WEBSITE<br>http://www.beavercreekresortproperties.com/villages/town-of-avon/the-seasons-at-avon/ |
| **NO ACCESSIBILITY DISCLOSURE** |
| PERSONAL BARRIER ECOUNTERS |



Identification



Identification



Improperly configured Disability Parking both as to slope and signage



Improperly located signage



No access from parking – no signage to accessible route



No curb ramp from parking

| | | |
|---|---|---|
| | Inaccessible route with no signage to accessible route | |
|  No signage to accessible route |  Inaccessible check in counter | |

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about August 21-24, 2019.

**END**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Peter Strojnik, (Sr.)

**(b)** County of Residence of First Listed Plaintiff    Maricopa, AZ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter Strojnik (pro se)
7847 N. Central Avenue Phoenix, AZ 85020 602-524-6602

### DEFENDANTS
VAIL/BEAVER CREEK RESORT PROPERTIES, INC. DBA THE SEASONS AT AVON

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12101
Brief description of cause:
ADA

☐ AP Docket

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                          DOCKET NUMBER

DATE
2-24-2020

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY